Filed 5/18/22 P. v. Parraorozco CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>YESENIA PARRAOROZCO,<br><br>    Defendant and Appellant. | B313635<br><br>(Los Angeles County Super. Ct. No. BA466008) |

APPEAL from orders of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Reversed and remanded with directions.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Kathy S. Pomerantz, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Yesenia Parraorozco (defendant) entered a negotiated plea and was placed on formal felony probation for three years in 2018. Just over two years later, in 2021, the trial court revoked and reinstated defendant's probation—rejecting her argument that her probation had already terminated pursuant to recently enacted Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (AB 1950), which limits felony probation to a maximum term of two years. (Stats. 2020, ch. 328, § 2, eff. Jan. 1, 2021.) The Attorney General concedes defendant is entitled to retroactive application of AB 1950, but we are asked to decide whether the prosecution must be afforded an opportunity to withdraw from the plea agreement.

## I. BACKGROUND

An information filed by the Los Angeles County District Attorney's Office in 2018 charged defendant with one count of robbery in violation of Penal Code section 211.[1] At a hearing in December 2018, the prosecution amended the information to add a second charge: assault likely to cause great bodily injury in violation of section 245, subdivision (a)(4). Defendant pled no contest to the assault charge and the trial court dismissed the robbery count. The trial court sentenced defendant to three years in prison, suspended execution of the sentence, and placed her on formal probation for three years.

As we shall discuss in more detail, the Legislature subsequently enacted AB 1950, which amends section 1203.1 to limit the term of probation for most felonies to a maximum of two

---

[1] Undesignated statutory references that follow are to the Penal Code.

years.  (Stats. 2020, ch. 328, § 2.)  AB 1950 took effect on January 1, 2021.  On January 20, 2021, the prosecution moved to revoke defendant's probation based on her violation of Vehicle Code section 10851, subdivision (a) (unlawfully taking a vehicle, which occurred a couple days earlier).

At defendant's probation violation hearing in February 2021, defense counsel orally moved the trial court to find probation had terminated as a result of AB 1950.  The trial court invited defense counsel to brief the issue but indicated it did not believe defendant should benefit from AB 1950 because "[h]er conviction was final way before January 1[, 2021]," when the bill took effect.  Defendant admitted the probation violation subject to her objection that probation had expired.  The trial court revoked and reinstated probation.

Defendant later submitted a "BRIEF EXPLAINING WHY PROBATION HAS EXPIRED PURSUANT TO PENAL CODE SECTION 1203.1, AND MOTION TO TERMINATE JURISDICTION," which the trial court considered at a hearing in April 2021.  The trial court acknowledged it is "well settled" that AB 1950 has retroactive effect as to cases not yet final as of its effective date, but the court reiterated its view "that [defendant's] case was already final when the new law came into effect and, therefore, retroactivity does not apply."

Defendant noticed an appeal from the trial court's denial of her motion to terminate probation and requested a certificate of probable cause.  The trial court granted the requested certificate.

## II.  DISCUSSION

Defendant and the Attorney General agree AB 1950 applies retroactively and the trial court erred in concluding defendant's

3

conviction was final before AB 1950 took effect.  That is correct, and the trial court accordingly lacked jurisdiction to revoke probation after two years.  The parties disagree, however, about AB 1950's implications for their original plea agreement, and they are not alone: there is a split of authority in the Courts of Appeal concerning whether the Legislature intended (1) that plea agreements impacted by AB 1950 should remain otherwise intact or (2) that the prosecution and trial court should have the opportunity to withdraw their approval on remand.  Following the weight of authority to consider the issue thus far, we hold no opportunity to withdraw from the plea agreement is required.

### A.      The Trial Court Lacked Jurisdiction to Revoke Defendant's Probation

When defendant was placed on probation in December 2018, former section 1203.1, subdivision (a) provided the term of felony probation generally could not exceed the maximum possible term of the sentence and, in cases where the maximum possible term of the sentence was less than five years, the term of probation could not exceed five years.  (Stats. 2010, ch. 178, § 75.)  Effective January 1, 2021, AB 1950 amended section 1203.1, subdivision (a) to limit the probation term for felony offenses to two years, except in circumstances not present here.  (§ 1203.1, subd. (a) ["The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine"]; § 1203.1, subd. (l) [listing exceptions to two-year probation limit].)

4

In *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), our Supreme Court held that where an amendatory statute reduces the punishment for a prohibited act, "[i]t is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Id.* at 745.) "'*Estrada* stands for the proposition that, "where the amendatory statute mitigates punishment and there is no saving[s] clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed."' [Citations.]" (*People v. Frahs* (2020) 9 Cal.5th 618, 628.)

Published opinions considering the effect of AB 1950's two-year felony probation limitation overwhelmingly hold the limitation is retroactive to defendants whose convictions are not final pursuant to the rule in *Estrada*. (See, e.g., *People v. Butler* (2022) 75 Cal.App.5th 216 (*Butler*); *People v. Scarano* (2022) 74 Cal.App.5th 993 (*Scarano*); *People v. Lord* (2021) 64 Cal.App.5th 241, 246; *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1074, review granted June 30, 2021, S268787, cause transferred April 20, 2022 (*Stewart*); *People v. Sims* (2021) 59 Cal.App.5th 943, 955-964.) That is our conclusion too.

Here, the trial court acknowledged the *Estrada* inference applies to AB 1950, but found it did not assist defendant because her conviction was final prior to AB 1950's effective date. Our Supreme Court recently rejected the view that "[t]he relevant cutoff point under *Estrada*" is the point at which a probation order becomes final. (*People v. McKenzie* (2020) 9 Cal.5th 40, 46.) Instead, a defendant who does not appeal from an order granting probation may take advantage of ameliorative statutory amendments that take effect prior to a later appeal. (See *id.* at

50-51 [case not yet final where a defendant is placed on probation with imposition of sentence suspended and the defendant may still obtain direct review of order revoking probation and imposing sentence]; see also *People v. Esquivel* (2021) 11 Cal.5th 671, 673, 678 [case not final where a defendant is placed on probation with execution of sentence suspended and the defendant may still obtain direct review of order revoking probation and causing the sentence to take effect].)  We therefore accept the Attorney General's concession that the trial court erred in finding AB 1950 does not apply to defendant.

### B. The Trial Court and Prosecution Are Not Entitled to Withdraw from the Plea Agreement

Although precedent overwhelmingly establishes AB 1950 is retroactive to defendants whose convictions are not final, a split has emerged as to the effect of its retroactive application in cases involving negotiated pleas.  (See generally *People v. Stamps* (2020) 9 Cal.5th 685, 700 ["The *Estrada* rule only answers the question of *whether* an amended statute should be applied retroactively.  It does not answer the question of *how* that statute should be applied"].)  One approach, adopted by the Third District Court of Appeal in *Scarano*, holds that a reviewing court must remand "to allow the trial court and the prosecution the opportunity to withdraw from the original plea agreement." (*Scarano*, *supra*, 74 Cal.App.5th at 1000.)  The contrary approach, adopted by this District in *Butler*, the First District Court of Appeal in *Stewart*, and the Fifth District Court of Appeal in *People v. Flores* (2022) 77 Cal.App.5th 420 (*Flores*) holds that the Legislature did not intend for the prosecution or the trial court to be permitted to withdraw their approval from a plea

6

agreement modified by AB 1950. (*Id.* at 442; *Butler, supra*, 75 Cal.App.5th at 221-222; *Stewart, supra*, 62 Cal.App.5th at 1079.) Our Supreme Court has granted review in a case that will presumably and definitively resolve the split in authority. (*People v. Prudholme* (Aug. 26, 2021, E076007) [nonpub. opn.], review granted Nov. 10, 2021, S271057.) Accordingly, for now, it suffices to observe that we believe the *Butler*, *Flores*, and *Stewart* courts' approaches to be more persuasive and we reach the same conclusion reached in those cases.[2]

---

[2] The Attorney General raises one additional issue in favor of the view that the trial court should have a role in applying AB 1950. The Attorney General suggests that "[m]erely striking" the third year of probation "deprives the superior court and the parties of a necessary determination of the status of probation at the time it was terminated." This is necessary, the Attorney General argues, because it determines defendant's entitlement to expungement as a matter of right. (See § 1203.4, subd. (a) [expungement available as a matter of right when a defendant has fulfilled conditions of probation for the entire period of probation or received early, favorable discharge; trial court may otherwise grant expungement "in its discretion and the interests of justice"].) Because defendant's probation has already terminated, however, remand would not afford the trial court any meaningful discretion beyond that already provided under section 1203.4, subdivision (a). The trial court may exercise that discretion if and when defendant seeks relief under section 1203.4.

## DISPOSITION

Defendant's three-year probation term is reduced to two years in accordance with AB 1950 and the trial court is directed to amend its records to reflect the reduction.  The trial court's February 19, 2021, order revoking and reinstating probation is reversed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:


MOOR, J.


KIM, J.

8